**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TEAMSTERS LOCAL UNION NO. 727** | : | **Civil Action** |
| **PENSION FUND, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy, 1300 W. Higgins Road,** | : | |
| **Suite 103, Park Ridge, IL 60068,** | : | |
| | : | |
| **TEAMSTERS LOCAL UNION NO. 727** | : | **No. _____** |
| **HEALTH & WELFARE FUND, by and** | : | |
| **through its Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy, 1300 W. Higgins Road,** | : | |
| **Suite 103, Park Ridge, IL 60068,** | : | |
| | : | |
| **TEAMSTERS LOCAL UNION NO. 727** | : | |
| **LEGAL & EDUCATIONAL ASSISTANCE** | : | |
| **FUND, by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Zachary Frankenbach,** | : | |
| **Michael DeGard, Nicholas Micaletti, John** | : | |
| **McCarthy, Gregory T. Youmans, Carl S.** | : | |
| **Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHICAGOLAND REMOVALS, LLC,** | : | |
| **In its own name and d/b/a NEW TRADITION** | : | |
| **FUNERALS AND CREMANTIONS, LLC** | : | |
| **2332 Crabtree Ave., Woodridge, IL 60517, and** | : | |
| | : | |
| **NEW TRADITION FUNERALS AND** | : | |
| **CREMATIONS, LLC, in its own name and** | : | |
| **d/b/a CHICAGOLAND REMOVALS, LLC,** | : | |
| **2332 Crabtree Ave., Woodridge, IL 60517,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

## INTRODUCTION

Plaintiffs Teamsters Local Union No. 727 Pension Fund ("Pension Fund"), Teamsters Local Union No. 727 Health & Welfare Fund ("H&W Fund"), and Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund"), by and through their respective Boards of Trustees (collectively, the "Funds"), bring this action against Defendants Chicagoland Removals, LLC ("Chicagoland"), in its own name and d/b/a New Tradition Funerals and Cremations, LLC ("New Tradition"); and New Tradition, in its own name and d/b/a Chicagoland (collectively the "Defendants"), pursuant to the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendants to pay delinquent contributions owed to the Funds, interest, liquidated damages, attorneys' fees and costs, and any other amounts permitted in equity or by law, arising from its failure to timely pay all contributions owed to the Funds.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a) and sections 502(a)(3), 502(e)(1), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(g)(2) and 1145.

2. Further, the Plaintiffs are located in Cook County, Illinois; therefore, jurisdiction in the U.S. District Court for the Northern District of Illinois, Eastern Division is appropriate.

3. Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a), section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

2

## PARTIES

### *Plaintiffs*

4.      Plaintiff Pension Fund is a jointly administered, multi-employer employee pension benefit plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

5.      The Pension Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing pension benefits to its participants and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions from employers that are parties to collective bargaining agreements ("CBA") with Teamsters Local Union No. 727 ("Local 727").  The CBAs obligate signatory employers to make contributions to the Pension Fund.

6.      Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund ("Pension Fund Trustees") pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement").  *Exhibit A, Pension Fund Trust Agreement*.  The Pension Fund Trustees are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Pension Fund Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

7.      Plaintiff H&W Fund is a jointly administered, multi-employer employee welfare benefit plan within the meaning of section 302(c)(5) of the LMRA, § 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The H&W Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

3

8.      The H&W Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health and welfare benefits to its participants and defraying the reasonable expenses of administering the health and welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The H&W Fund receives contributions from employers that are parties to CBAs with Local 727. The CBAs obligate signatory employers to make contributions to the H&W Fund.

9.      Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the H&W Fund ("H&W Trustees") pursuant to the H&W Fund's Agreement and Declaration of Trust ("H&W Fund Trust Agreement"). *Exhibit B, H&W Fund Trust Agreement.* The H&W Trustees are fiduciaries of the H&W Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The H&W Fund Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

10.      Plaintiff L&E Fund is a jointly administered multi-employer employee welfare benefit plan within the meaning of section 302(c)(6) of the LMRA § 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and(37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

11.      The L&E Fund is administered by a Board of Trustees in accordance with section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and exists for the exclusive purpose of providing legal and educational assistance benefits to its participants and defraying the reasonable expenses of administering the legal and educational assistance plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The L&E Fund receives contributions from employers that are parties to CBAs with Local 727. The CBAs obligate signatory employers to make contributions to the L&E Fund.

4

12.     Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund ("L&E Fund Trustees") pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"). *Exhibit C, L&E Fund Trust Agreement.* The L&E Fund Trustees are fiduciaries of the L&E Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The L&E Fund's Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

*Defendants*

13.     Defendant Chicagoland is a limited liability corporation doing business in the State of Illinois.  Chicagoland is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a), and section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Chicagoland is a funeral service provider, and its principal place of business is located at 2332 Crabtree Ave., Woodridge, IL 60517.

14.     Defendant New Tradition is a limited liability corporation doing business in the State of Illinois.  New Tradition is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a) and section 3(5) of ERISA, 29 U.S.C. § 1002(5).  New Tradition is a funeral services provider, and its principal place of business is located at the same address as Chicagoland's principal place of business, 2332 Crabtree Ave., Woodridge, IL 60517.

## CONTRIBUTION OBLIGATION

15.     Local 727 and Chicagoland have been parties to successive CBAs since November 2014, by virtue of Chicagoland executing a Compliance Agreement with Local 727.  By its execution of the Compliance Agreement, Chicagoland agreed to be bound by the terms and conditions of the Funeral Director Association of Greater Chicago's Collective Bargaining Agreement ("CBA") with Local 727. *Exhibit D, Compliance Agreement; Exhibit E, Funeral*

5

*Director Association of Greater Chicago 2012-2017 CBA; Exhibit F, Funeral Director Association of Greater Chicago 2017-2022 CBA.*

16.     Charles T. Goff, the owner and operator of Chicagoland, executed the Compliance Agreement on behalf of Chicagoland.  *Exhibit D.*

17.     The Compliance Agreement provides that Chicagoland will "adopt, abide by and be bound by" the CBA.  *Exhibit D, ¶ 1.*

18.     Further, under the terms of the Compliance Agreement, Chicagoland is "bound by all terms and provisions" of the Trust Agreements of the Pension, H&W and L&E Funds.  *Exhibit D, ¶ 2.*

19.     The CBAs recognize the Union as the exclusive collective bargaining agent for all employees performing "bargaining unit work." *Exhibit E § 1.4, Exhibit F § 1.4.*

20.     Bargaining unit work is defined as "the performance of embalming, whether in training or licensed, funeral directing, whether in training or licensed, and auto livery chauffeur services," and "explicitly includes removals, transportation of remains, embalming, funeral directing, and all other work historically done by the bargaining unit." *Exhibit E § 1.1, Exhibit F § 1.1.*

21.     Article 10 of each CBA sets forth Chicagoland's obligation to make monthly contributions to the Pension, H&W and L&E Funds on behalf of employees performing bargaining unit work covered by the CBAs.  *Exhibit E, Article 10; Exhibit F, Article 10.*

22.     Sections 6.01(b) and 6.02 of Article Six of the respective Trust Agreements of the Pension, H&W and L&E Funds include provisions for the collection of delinquent contributions which state as follows:

Sec. 6.01. (b)  The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …

6

Sec. 6.02. The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section. An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the Plan or the rules and regulations. In the absence of the rate set forth in the Plan or rules and regulations, the interest rate used each month shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal in the first business day of each month.

*Exhibit A, Pension Fund Trust Agreement, pp. 18-19; Exhibit B, H&W Fund Trust Agreement, pp.*

*19-20; Exhibit C, L&E Trust Agreement, p. 18-19.*

23.     Section 6.03 of Article Six of the Funds' respective Trust Agreements authorizes the Funds' Trustees to audit an employer's books and records to assure that the employer is complying with its contribution obligations under the CBAs. *Exhibits A –C.*

24.     Consistent with the Funds' respective Trust Agreements, the Trustees of each Fund adopted the "Statement of Collection Procedures" which imposes interest, liquidated damages, audit fees, and attorneys' fees and costs on delinquent contributions. *Exhibit I, 2014 Statement of Collection Procedures, Teamsters Local Union No. 727 Benefit Funds.*

## <u>RELATIONSHIP BETWEEN THE DEFENDANTS</u>

25.     Upon information and belief, Chicagoland's owner/operator Charles T. Goff is also the owner/operator of New Tradition.

26.     According to Illinois Secretary of State records, Charles T. Goff is the sole LLC Manager of both Chicagoland and New Tradition. *See Exhibit G report of Secretary of State of Illinois.*

27.     Both businesses share the same principal address of 2332 Crabtree Ave., Woodridge, IL 60517. *See Ex. G.*  This property is a single-family home that, upon information and belief, is the residence of Charles T. Goff.

28.   Chicagoland and New Tradition also share a common registered agent: "Elizabeth Goff," whose address is also listed as 2332 Crabtree Ave., Woodridge, IL 60517. *See Ex. G.*

29.   Chicagoland and New Tradition share employees.

30.   Employees for both Chicagoland and New Tradition performed bargaining unit work.

31.   New Tradition and Chicagoland are the same business:

    a.   Charles Goff is the owner, operator, and sole manager of both entities;

    b.   New Tradition operates at the same location as Chicagoland;

    c.   Elizabeth Goff is the registered agent for both entities; and

    d.   New Tradition and Chicagoland share employees.

### AUDIT OF CHICAGOLAND AND NEW TRADITIONS

32.   In 2020, the Funds, consistent with their respective Trust Agreements, conducted an audit of Chicagoland for the period July 1, 2015 through February 28, 2018.

33.   During the audit, the auditors observed that Chicagoland and New Tradition, which is not signatory to a Compliance Agreement or CBAs with Local 727, operated as one and the same company. The employees of Chicagoland also worked as employees for New Tradition, performing bargaining unit work on its behalf.  In particular, employees of Chicagoland were regularly performing removals (a type of bargaining unit work) as employees of New Tradition.

34.   For this reason, the auditor also audited New Tradition for the period November 24, 2014 through April 30, 2020.  *See Exhibit H, Auditor's Report.*

35.   Having reviewed the records for both Chicagoland and New Tradition, the auditor concluded that not only were Chicagoland and New Tradition operating as the same company, but also that neither company paid contributions to the Funds for the bargaining unit work performed by employees of both companies, and instead recorded such work on New Tradition's books only.

36. The audit report demonstrates that Defendants failed to remit contributions to the Pension Fund for $66,652.75 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020. *Ex. H.*

37. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Fund's Trust Agreement and the Fund's Collection Procedures, the Defendants owe the Penson Fund the unpaid contributions, interest and liquidated damages on the unpaid contributions, audit fees and attorneys' fees and costs. Interest continues to accrue until the contributions are paid in full. *Ex. A.*

38. The audit report also demonstrates that Defendants failed to remit contributions to the H&W Fund for $107,871.05 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020. *Ex. H.*

39. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Fund's Trust Agreement and the Fund's Collection Procedures, the Defendants owe the H&W Fund the unpaid contributions, interest and liquidated damages on the unpaid contributions, audit fees and attorneys' fees and costs. Interest continues to accrue until the contributions are paid in full. *Ex. B.*

40. Additionally, the audit report demonstrates that Defendants failed to remit contributions to the L&E Fund for $7,451.72 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020. *Ex. H*

41. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Fund's Trust Agreement and the Fund's Collection Procedures, the Defendants owe the L&E Fund the unpaid contributions, interest and liquidated damages on the unpaid contributions, audit fees and attorneys' fees and costs. Interest continues to accrue until the contributions are paid in full. *Ex. C.*

42. Pursuant to the audit report, Defendants owe approximately $181,975.52 in unpaid contributions to the Funds plus interest, liquidated damages and audit fees. *Ex. H.*

**ERISA ENFORCEMENT**

43.     Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on fiduciaries to determine the contributions owed to a plan as well as a responsibility to collect them.

44.     Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

45.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by Defendant, and (E) such other legal or equitable relief as the court deems appropriate."

## COUNT I
## PLAINTIFF PENSION FUND V. DEFENDANTS CHICAGOLAND AND NEW TRADITION – DELINQUENT CONTRIBUTIONS

46.     Plaintiffs incorporate paragraphs 1 through 45 above as though fully set forth herein.

47.     Pursuant to the Compliance Agreement, the CBAs, the Pension Fund Trust Agreement, and the Collection Policy, Defendants are obligated to pay contributions to the Pension Fund for the employees who performed bargaining unit work covered by the CBAs, plus interest on the unpaid contributions, liquidated damages, audit fees and attorneys' fees and costs.

48. On or about November 24, 2014 and continuing thereafter, Defendants failed to pay contributions to the Pension Fund for any bargaining unit work performed by employees that the Defendants recorded on New Tradition's books.

49. Defendants failed to remit contributions owed to the Pension Fund in the amount of $66,652.75 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020.

50. Chicagoland and New Tradition are a single employer. As such, both are jointly and/or severally liable for the contributions, interest, liquidated damages, audit fees and attorneys' fees and costs owed to the Pension Fund.

51. Efforts to resolve this matter short of litigation have failed.

52. The Pension Fund has been economically harmed by Defendants' conduct.

53. Defendants' refusal to pay the delinquent contributions, plus interest, liquidated damages, audit fees and attorneys' fees and costs, all as required by the Compliance Agreement, CBAs, the Pension Fund Trust Agreement, and the Collection Policy, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Pension Fund prays the Court enter the following relief:

(a) That the Court enter judgment in favor of the Pension Fund and against Defendants for the contribution amounts that are owed to the Pension Fund, plus interest, liquidated damages, audit fees, and attorneys' fees and costs as mandated by ERISA.

(b) That the Court enter judgment in favor of the Pension Fund and against Defendants for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest,

liquidated damages, audit fees and attorneys' fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

**COUNT II**
**PLAINTIFF H&W FUND V. DEFENDANTS CHICAGOLAND AND**
**NEW TRADITION – DELINQUENT CONTRIBUTIONS**

54.     Plaintiffs incorporate by reference paragraphs 1 through 53 above as though fully set forth herein.

55.     Pursuant to the Compliance Agreement, CBAs, the H&W Fund Trust Agreement, and the Collection Policy, Defendants are obligated to pay contributions to the H&W Fund for the employees who perform bargaining work covered by the CBAs, plus interest on the unpaid contributions, liquidated damages, audit fees, and attorneys' fees and costs.

56.     On or about November 24, 2014 and continuing thereafter, Defendants failed to pay contributions to the H&W Fund for any bargaining unit work performed by employees that the Defendants recorded on New Tradition's books.

57.     Defendants failed to remit contributions owed to the H&W Fund in the amount of $107,871.05 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020.

58.     Chicagoland and New Tradition are a single employer.  As such, both are jointly and/or severally liable for the contributions, interest, liquidated damages, audit fees, attorneys' fees and costs owed to the H&W Fund.

59.     Efforts to resolve this matter short of litigation have failed.

60.     The H&W Fund has been economically harmed by Defendants' conduct.

61. Defendants' refusal to pay the delinquent contributions, plus interest, liquidated damages, audit fees, and attorneys' fees and costs, all as required by the CBAs, the H&W Fund Trust Agreement, and the Collection Policy, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the H&W Fund prays the Court enter the following relief:

(a) That the Court enter judgment in favor of the H&W Fund and against Defendants for the contribution amounts that are owed to the H&W Fund, plus interest, liquidated damages, audit fees, and attorneys' fees and costs as mandated by ERISA.

(b) That the Court enter judgment in favor of the H&W Fund and against Defendants for any additional contribution amounts that may be found due and owing to the H&W Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees and attorneys' fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

**COUNT III**
**PLAINTIFF L&E FUND V. DEFENDANTS CHICAGOLAND AND**
**NEW TRADITION – DELINQUENT CONTRIBUTIONS**

62. Plaintiffs incorporate by reference paragraphs 1 through 61 above as though fully set forth herein.

63. Pursuant to the Compliance Agreement, CBAs, the L&E Fund Trust Agreement, and the Collection Policy, Defendants are obligated to pay contributions to the L&E Fund for the employees who performed bargaining unit work covered by the CBAs, plus interest on unpaid contributions, liquidated damages, audit fees, and attorneys' fees and costs.

64. On or about November 24, 2014 and continuing thereafter, Defendants failed to pay contributions to the L&E Fund for any bargaining unit work performed by employees that the Defendants recorded on New Tradition's books.

65.     Defendants failed to remit contributions owed to the L&E Fund in the amount of $7,451.72 5 for bargaining unit work performed by certain employees from November 24, 2014 through April 30, 2020.

66.     Chicagoland and New Tradition are a single employer.  As such, both are jointly and/or severally liable for the contributions, interest, liquidated damages, audit fees, attorneys' fees and costs owed to the L&E Fund.

67.     Efforts to resolve this matter short of litigation have failed.

68.     The L&W Fund has been economically harmed by Defendants' conduct.

69.     Defendants' refusal to pay the delinquent contributions, plus interest, liquidated damages, audit fees, and attorneys' fees and costs, all as required by the CBAs, the L&E Trust Agreement, and the Collection Policy, violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L&E Fund prays the Court enter the following relief:

(a) That the Court enter judgment in favor of the L&E Fund and against Defendants for the contribution amounts that are owed to the L&E Fund, plus interest, liquidated damages, audit fees, and attorneys' fees and costs as mandated by ERISA.

(b) That the Court enter judgment in favor of the L&E Fund and against Defendants for any additional contribution amounts that may be found due and owing to the L&E Fund during the pendency of this litigation, together with interest, liquidated damages, audit fees, and attorneys' fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT IV
## PLAINTIFFS v. DEFENDANTS CHICAGOLAND AND NEW TRADITION
## ALTER EGO/ VEIL PIERCING

70.     Plaintiffs incorporate by reference paragraphs 1 through 69 above as though fully set forth herein.

71.     Chicagoland and New Tradition are alter egos and business conduits for one another.

72.     Charles Goff, the owner, operator and sole manager of both Chicagoland and New Tradition, has used New Tradition for the purpose of evading Chicagoland's obligations under the Compliance Agreement, the CBAs, and ERISA, as well as to evade New Tradition's liability to the Funds.  The circumstances alleged *supra* show that Chicagoland is an alter ego of New Tradition.

73.     Charles Goff, as owner, operator and sole manager of both companies, was aware of the obligations to the Funds under the Compliance Agreement and CBAs before assigning New Tradition's employees to perform bargaining unit work.

74.     Chicagoland operates out of the same space as New Tradition and employs many of the same employees as New Tradition.

75.     Although New Tradition and Chicagoland have attempted to hold themselves out as separate entities, public records demonstrate that New Tradition and Chicagoland are alter egos of, and single employers with, each other.

76.     The obligations set forth in Counts I, II, and III of this Complaint are jointly and severally obligations of each of the Defendants in that there has always been a complete unity of interest and ownership between them.

77.     Accordingly, as to the Defendants' respective debts to each of the Plaintiffs: (a) each of the Defendants should be treated as the alter ego of one another; and (b) the corporate

15

veils of the Defendants should be pierced such that each Defendant is jointly and severally liable for the debts and obligations owed to each Plaintiff Fund.

**WHEREFORE**, the Funds pray that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiffs as set forth above in Counts I, II, and III of this Complaint; and

(b) That the Court further adjudge each of the Defendants jointly and severally liable for each element of the Court's awards on Counts I, II, and III, above.

(c) That the Court award such other relief as the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

__ s/ Jessica R. Brown_____
JESSICA R. BROWN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Office          (215) 656-3629

Facsimile      (215) 561-5135
Email          jbrown@wwdlaw.com

*Counsel to Plaintiffs Teamsters Local Union No. 727 Benefit Funds and Trustees*

Dated: